Garcia and another, Respondents, v. Heritage Mutual Insurance Company and another, Appellants.

*February 5—March 6, 1962.*

51

For the appellants there was a brief by *Mittelstaed, Heide, Sheldon & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

For the respondents there was a brief and oral argument by *K. Thomas Savage* of Kenosha.

FAIRCHILD, J. 1. *Change of answer as to right of way.* Defendant Ciapetta argues that Emilio Garcia was negligent as a matter of law in failing to yield the right of way.

Sec. 346.18 (4), Stats., provides:

*"Entering highway from alley or nonhighway access.* The operator of a vehicle entering a highway from an alley or from a point of access other than another highway shall yield the right of way to all vehicles approaching on the highway which he is entering."

Sec. 340.01 (51), Stats., provides:

" 'Right of way' means the privilege of the immediate use of the roadway."

It is conceded that Emilio backed the truck so that it protruded into Fiftieth street, but the extent of its protrusion is disputed.

On motions after verdict the municipal court reasoned that the jury must have believed Emilio's testimony that the truck was protruding no more than six feet into the street

and found accordingly that Emilio had not deprived Ciapetta of the immediate use of the roadway. We deem this reasoning sound with respect to the particular answer and conclude that the evidence does not establish failure to yield the right of way as a matter of law.

2. *Discretionary reversal and new trial.* If the jury's answer with respect to right of way be explained as above, the verdict is an enigma. The answer that Emilio was not negligent with respect to failure to yield the right of way is consistent with the answer that he was not negligent with respect to lookout. One or both of these answers, however, is inconsistent with the answer that he was negligent with respect to backing his truck without first ascertaining that such movement could be made with reasonable safety. Under the circumstances disclosed by the testimony, we cannot see how Emilio could be negligent in backing the truck unless that movement also involved failure to yield the right of way. Failure to ascertain whether or not he could back the truck with reasonable safety would involve an insufficient lookout.

An argument is made that Emilio was negligent in backing the truck because that movement frightened Ciapetta into applying his brakes on the slippery pavement. This suggestion, however, is inconsistent with the testimony of both Ciapetta and Emilio.

It is true that sec. 346.87, Stats., provides: "The operator of a vehicle shall not back the same unless such movement can be made with reasonable safety." Under the evidence in this case, however, Emilio's negligence, if any, aside from possible failure to look, consisted of moving the truck into the street sufficiently to interfere with Ciapetta's use of the roadway, and whether it had been moved backward or forward in order to get into the position where he stopped seems immaterial.

It seems to us that the issues as to Emilio's negligence would have been sufficiently covered by questions on right of way and lookout. The backing question was, however, submitted and an affirmative answer to it is inconsistent with the negative answers to the other questions.

Ciapetta was found not negligent with respect to operating on the wrong side of the road. If this meant, as seems probable, that he was on his proper side of the road at all times, it would be inconsistent with the finding that Emilio did not fail to yield the right of way. The only other interpretation of the answer, *i.e.,* that Ciapetta had been proceeding on the proper side of the road but skidded over to Emilio's side after losing control, was not suggested by the testimony of any witness and indeed the loss of control would, under the circumstances, have been the result of his negligence as to speed and lookout.

Although Ciapetta is not in a position to claim a new trial as a matter of right, having failed to move for it on the ground of inconsistency in the answers,[1] we consider this a proper case in which to exercise our discretion to reverse and order a new trial.[2] There appears to be no reason for a new trial on the subject of damages.

Under the circumstances, costs are not now to be allowed to either party on this appeal but when judgment is ultimately entered in the municipal (now county) court, it should award to the party in whose favor judgment is entered the costs which he could have taxed on this appeal if he had prevailed here.

*By the Court.*—Judgment reversed; cause remanded for a new trial on all issues other than damages, costs on this

[1] *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 80 N. W. (2d) 380.
[2] Sec. 251.09, Stats.

appeal to be awarded in the county court in accordance with the opinion on file.